UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASCOM AVENUE DEVELOPMENT LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>JASON AKBARZADEH,<br><br>   Defendant. | Case No. 22-cv-02443-WHO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 13 |

Plaintiff Bascom Avenue Development ("Bascom") seeks remand of this case back to state court, arguing that I lack subject matter jurisdiction. As in a related case, defendant Jason Akbarzadeh attempts to invoke the Americans With Disabilities Act ("ADA") to establish federal question jurisdiction. The motion to remand is GRANTED. The underlying claim for unlawful detainer arises under state, not federal, law. And the complaint does not establish diversity jurisdiction. This is a state law claim that belongs in state court.

## BACKGROUND

This is the second of two lawsuits between these parties and their affiliate businesses arising from a lease agreement. Bascom owns a property ("the property") located at 550 South Bascom Avenue in San Jose, California, which includes a parking lot, driveways, and a small commercial building. Mot. to Remand [Dkt. No. 13] ¶¶ 1, 3. Through its agent, Taylor Properties, Bascom rented the property to Akbarzadeh via a month-to-month agreement. *Id*. ¶ 3. Akbarzadeh operates a business known as Top Notch Auto Sales on the property. *See id*. ¶ 2.

On March 8, 2022, Bascom notified Akbarzadeh that it was terminating his tenancy on April 7, 2022. *Id*. ¶ 4. After Akbarzadeh failed to turn over possession, Bascom filed an unlawful detainer action against him in Santa Clara County Superior Court on April 8, 2022. *Id*.

Akbarzadeh removed the case to this district on April 20. Dkt. No. 1. A day later, the case

was related to another pending matter: *JMA Enterprises LLC v. Taylor,* No. 22-CV-01692-WHO (N.D. Cal. filed Mar. 16, 2022). *See* Dkt. No. 4. In that suit, Akbarzadeh and his business, JMA Enterprises LLC, sued Bascom and another defendant, John Robert Taylor, for indemnity, breach of contract, and violations of California's Unfair Competition Law, alleging that under the terms of the lease, the defendants, not the plaintiffs, were responsible for making ADA-required improvements to the property.[1] *See JMA Enters.*, No. 22-CV-01692-WHO, Dkt. No. 1.

Bascom moved to remand this case on May 13, 2022. Dkt. No. 13. Pursuant to Civil Local Rule 7-1(b), this motion is suitable for disposition without oral argument.

## LEGAL STANDARD

A defendant sued in state court may remove the action to federal court if the action could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). Subject matter jurisdiction—in the form of federal question jurisdiction or diversity jurisdiction—must exist for a matter to be brought in federal court. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question jurisdiction exists if an action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists when: (1) the parties are citizens of different states and (2) the amount in controversy exceeds $75,000. *Id*. § 1332.

Whether jurisdiction exists "is governed by the 'well-pleaded complaint rule,'" focusing on the face of the plaintiff's properly pleaded complaint. *See Caterpillar*, 482 U.S. at 392. "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*.

## DISCUSSION

### I.    DIVERSITY JURISDICTION

There is no basis for diversity jurisdiction. The complaint does not allege that the parties are citizens of different states, nor does Akbarzadeh argue that they are. *See* Notice of Removal [Dkt. No. 1] Ex. 1 ("Compl.") ¶¶ 1-8; *see also* Oppo. [Dkt. No. 15] 1-5. Rather, the civil cover sheet to the removal notice affirms that both Bascom and Akbarzadeh reside in Santa Clara

---

[1] The defendants in *JMA Enterprises* moved to dismiss that case for lack of jurisdiction. *See id*. at Dkt. No. 8. That motion is GRANTED, for reasons explained in a separate Order.

County and are citizens of California.  *See* Dkt. No. 1.

## II.      FEDERAL QUESTION JURISDICTION

Akbarzadeh argues that federal question jurisdiction exists because this case derives from a common nucleus of operative facts—the "same lease, same premises, same precursor events, and same parties"—as in the earlier-filed case, *JMA Enterprises*.  *See* Oppo. at 3:21-24.  Because *JMA Enterprises* arises under the ADA, Akbarzadeh contends, jurisdiction exists here as well.  *See id.* at 4:5-20.

Akbarzadeh's argument misses the mark.  The underlying complaint brings a single cause of action: unlawful detainer.  *See* Compl.  This is a purely state law claim.  *Snavely v. Johnson*, No. C-15-03773-WHA, 2015 WL 5242925, at *2 (N.D. Cal. Sept. 8, 2015) ("An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law.").  There is no federal question presented on the face of the complaint.

Nor can Akbarzadeh rely on the purported federal question in *JMA Enterprises*, as there is no such question.  That case involves claims for indemnity, breach of contract, and UCL violations, arising from a dispute over which party was responsible for making ADA-required improvements to the property.  For reasons I explain in my Order dismissing that case, the ADA does not provide a cause of action—the claims are based on the lease agreement, not the ADA itself.  *See also Brown v. HTR Props. LLC*, No. 17-CV-00829-WHO, 2017 WL 3453354, at *2 (N.D. Cal. Aug. 11, 2017) ("indemnification claims must be based on the lease agreement, not on the ADA").  The related case provides no basis for jurisdiction.

## CONCLUSION

Bascom's motion to remand is GRANTED.  I ORDER that the case be REMANDED to the California Superior Court for the County of Santa Clara.

**IT IS SO ORDERED.**

Dated: June 28, 2022



William H. Orrick
United States District Judge